UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JUDY CURLEE**  )  )  ) Plaintiff )  ) vs. )  ) **CAVALRY PORTFOLIO SERVICES, LLC** )  ) Defendant )  ) | Case Number  CIVIL COMPLAINT  JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Judy Curlee, by and through her undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Judy Curlee, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.  Venue in this District is proper in that the Defendant transacts business in this District and maintains a registered office in this District.

### III. PARTIES

4.  Plaintiff, Judy Curlee, is an adult natural person residing at 335 Phaniel Church Road, Rockwell State, NC 28138. At all times material and relevant hereto, Plaintiffs is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.  Defendant, Cavalry Portfolio Services, LLC. ("Defendant"), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the State of North Carolina and the Commonwealth of Pennsylvania with its principal place of business located at 7 Skyline Drive, Hawthorne, NY 10532 and a registered office located at 116 Pine Street, Suite 320, Harrisburg, PA 17101.

6.  Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7.  In or around the early part of July, 2010, Plaintiff started receiving calls from Defendant in regards to an alleged debt owed to Washington Mutual for approximately $4,454.57.

8.  At that time, Plaintiff informed the Defendant that she had retained the services of the law firm Persels & Associates, LLC and that they needed to call them directly in his matter.

9. Defendant stated that they would never work with Persels.

10. Plaintiff continued to receive calls from the Defendant.

11. On or about July 5, 2010, Persels sent a "cease and desist" letter to the Defendant informing them that they needed to stop all further contact with the Plaintiff. **See Exhibit "A" (letter) attached hereto.**

12. On or about July 16, 2010, Plaintiff received a call from Defendant's agent, "Ray" collecting on the above referenced account.

13. Defendant's agent, "Ray", became loud and screamed at the Plaintiff telling her that she was going to be sued if she did not pay her debt.

14. Defendant's agent, "Ray", threatened to ruin Plaintiff's credit for non-payment.

15. Plaintiff was told by Defendant's agent, "Ray", that she could rest assured that she will end up in court.

16. Plaintiff felt as though she was being bullied by Defendant's agent, "Ray", to make her agree to a payment that she could not afford.

17. During this same place, Defendant's agent, "Ray", demanded to know when they were going to get paid.

18. Plaintiff again requested that the Defendant call Persels.

19. Defendant's agent, "Ray", responded that they had already spoken with Persels and that Persels would not work with them.

20. Persels states that they have never received a call from the Defendant in regards to this matter.

21. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their

agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

22.     At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

23.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

24.     The above paragraphs are hereby incorporated herein by reference.

25.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

26.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | | |
|---|---|---|
| §§ 1692c(a)(1) | At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer |
| §§ 1692c(a)(2) | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692c(c) | After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication |

| | |
|---|---|
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| §§ 1692e(2) | Character, amount, or legal status of the alleged debt |
| §§ 1692e(5) | Threaten to take any action that cannot legally be taken or that is not intended to be taken |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g | Failure to send the consumer a 30-day validation notice within the five days of the initial communication |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Cavalry Portfolio Services, LLC, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

**WARREN & VULLINGS, LLP**

**Date: August 19, 2010**

BY: */s/ Brent F. Vullings*
Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA 19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff